IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLOTTE CARROLL, § <br> PLAINTIFF, § <br> § <br> v. § <br> § <br> TMX FINANCE OF TEXAS, § <br> DEFENDANT. § | § <br> § <br> § <br> § CIVIL ACTION NO. 3:19-CV-1804-L <br> § <br> § <br> § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Judge's *Order of Reference*, Doc. 8, and 28 U.S.C. § 636(b), Defendant's *Motion to Compel Arbitration and to Dismiss, or in the Alternative, to Stay the Proceedings,* Doc. 5, is now before the Court for findings and a recommended disposition. For the reasons stated herein, the motion should be **GRANTED**.

### I. BACKGROUND

Plaintiff filed this action in state court in July 2019, asserting various claims arising from the termination of her employment by Defendant TMX Finance of Texas.[1] Plaintiff alleges she was employed by Defendant from April 2017 to May 2017,[2] when she was wrongfully terminated based on her disability and Defendant rescinded and later denied a reasonable accommodation. *See* Doc. 1 at. 17. Plaintiff asserts claims for disability discrimination and retaliation, all in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"). Doc. 1 at 17.

---

[1] Defendant avers that its true name is "TitleMax of Texas, Inc." Doc. 5 at 1.

[2] *See* Doc. 13 at 2 ("[t]he Pro Se Plaintiff was employed 22 days."); Doc. 6 at 2 (Plaintiff was offered employment on April 12, 2017 and her first day of work was April 24, 2017).

Defendant removed the case to this Court and filed the instant motion to dismiss Plaintiff's claims and compel arbitration or, alternatively, to stay the district court proceedings pending the outcome of arbitration. Doc. 5 at 1. Defendant contends that Plaintiff digitally/electronically signed the Agreement to Arbitrate Claims ("Arbitration Agreement") on April 20, 2017, prior to her first day of work. Doc. 6 at 2; Doc. 7 at 10-17.

## II. APPLICABLE LAW

The purpose of the Federal Arbitration Act ("FAA") is to promote federal public policy favoring arbitration and to ensure that arbitration agreements are enforced like any other contract. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). The FAA provides, in part:

> A written provision in any [. . .] contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (2012). Accordingly, once a court finds an agreement to arbitrate between the parties, the court is restricted to enforcing the agreement. *See AT&T Tech., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 650 (1986). The FAA also dictates that any doubts concerning the scope of arbitration should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).

It is well settled that the "fundamental principle [of] arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (*quoting Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)). Accordingly, courts apply ordinary state contract principles when evaluating arbitration agreements. *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012). Arbitration agreements, like other contracts, are subject to contract defenses

2

such as fraud, duress, or unconscionability. *Jackson*, 561 U.S. at 68. Under the FAA, a written arbitration agreement is prima facie valid and must be enforced unless the party opposing arbitration alleges and proves that the arbitration clause was a product of fraud, coercion, or any other legal or equitable grounds sufficient to revoke the contract. *Freudensprung v. Offshore Tech. Servs. Inc.*, 379 F.3d 327, 341 (5th Cir. 2004) (citation omitted).

When considering a motion to compel arbitration, a court determines (1) the existence of a valid agreement among the parties to arbitrate the dispute, and (2) whether the dispute falls within the scope of the agreement. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626-7 (1985); *Carey*, 669 F.3d at 205.

### III. ANALYSIS

**A.      The Arbitration Agreement**

The Arbitration Agreement in the case *sub judice* provides that "Arbitrable Claims include, but are not limited to . . . claims for retaliation or discrimination (including, but not limited to race, sex, sexual orientation (where applicable), religion, national origin, age, marital status, or disability) . . . and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance (except as provided below)." Doc. 7 at 10. The Agreement goes on to list exceptions for workers' compensation, state disability insurance, unemployment insurance benefits, and "claims under an employee benefit insurance or pension plan that specifics a different dispute resolution procedure." Doc. 7 at 11. Plaintiff's claims under the ADA do not fall within any listed exception.

**1.      Validity of the Arbitration Agreement**

Defendant contends the Arbitration Agreement is a valid and binding contract that mandates this dispute be resolved exclusively in arbitration. Doc. 6 at 10. In response, Plaintiff

argues, *inter alia*, that while she signed the Arbitration Agreement, she never signed to opt into arbitration with the Defendant. *See* Doc. 13 at 2 ("Plaintiff . . . requested a copy of the arbitration agreement she signed). Plaintiff also avers she signed a letter opting out of arbitration with Defendant. Doc. 13 at 2.

Contrary to Plaintiff's assertions, a valid agreement to arbitrate the dispute exists between the parties. Plaintiff blindly argues the Arbitration Agreement she signed, Doc. 7 at 17, lacks an arbitration provision. *See* Doc. 13 at 1 ("Plaintiff . . . respectfully state [sic] that she never signed to opt into arbitration with the Defendant . . . ."). However, the first paragraph of the Arbitration Agreement, titled "Claims Covered by the Agreement," states "[t]he Parties mutually consent to the resolution by arbitration of all Arbitrable Claims . . . Arbitrable Claims include, but are not limited to . . . claims for retaliation or discrimination (including, but not limited to race, sex, sexual orientation (where applicable), religion, national origin, age, marital status, or disability) . . . and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance (except as provided below)." Doc. 7 at 10.

Plaintiff also suggests she opted out of the Arbitration Agreement. The Arbitration Agreement, under the paragraphed titled "Right to Opt Out of Arbitration," unequivocally states:

> Arbitration is not a mandatory requirement of Employee's employment, and therefore Employee understands that Employee may submit a form stating that Employee wishes to opt out and not be subject to this Agreement. ***If Employee wants to opt out, Employee understands and agrees that Employee must submit a signed and dated "Arbitration Opt Out Form" ("Form") that can be obtained from the Legal department*** at 15 Bull St., Suite 200, Savannah, GA, 31401. ***In order to be effective, the signed and dated Form must be returned to the Legal department within sixty (60) days of Employee's execution of this Agreement, and it will only be effective upon written confirmation of receipt by the Legal department. If Employee does not receive written confirmation of receipt with ten (10) days of sending the Form, Employee must contact the Legal department to obtain the written confirmation of receipt***.

Doc. 7 at 15 (emphasis added). Defendant avers, via sworn affidavit, that its legal department maintains a database of all employees who have opted out of the Arbitration Agreement. Doc. 22 at 25-26. The database also includes notations regarding (1) the employees that requested opt-out forms, (2) the dates the employees requested opt-out forms, (3) the dates executed opt-out forms were returned, and (4) confirmation that a receipt was sent back to the employees. Doc. 22 at 26. Defendant also avers that the spreadsheet contains no reference to Plaintiff's name or any notation regarding Plaintiff's alleged request to opt out of the Arbitration Agreement. Doc. 22 at 26. Plaintiff offers no evidence to counter Defendant's affidavit, stating only that "she will reserve her *remaining* evidence and further comments for the jury versus defending her case via e-file." Doc. 25 at 2 (emphasis added). Consequently, Plantiff's argument that she opted out of the Arbitration Agreement is unsubstantiated and fails.

Accordingly, the Court concludes that a valid arbitration agreement exists between the parties.

    **2.    Scope of the Arbitration Agreement**

The claims Plaintiff brings in this lawsuit are within the scope of the Arbitration Agreement. The Arbitration Agreement clearly states "[t]he Parties mutually consent to the resolution by arbitration of all Arbitrable Claims . . . Arbitrable Claims include, but are not limited to . . . claims for retaliation or discrimination (including, but not limited to race, sex, sexual orientation (where applicable), religion, national origin, age, marital status, or disability) . . . and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance (except as provided below)." Doc. 7 at 10.

Based on the foregoing, Defendant's motion to compel arbitration should be **GRANTED**.

**B.     Dismissal of Plaintiff's Claims**

When a dispute is subject to an arbitration agreement, the "proper course of action is usually to stay the proceedings pending arbitration." *Ruiz v. Donahoe*, 784 F.3d 247, 249 (5th Cir. 2015). However, dismissal may be appropriate "'when all of the issues raised in the district court must be submitted to arbitration.'" *Id.* at 249-50 (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)) (district court acted within its discretion to dismiss case with prejudice, where all claims were subject to arbitration).

In this case, all of Plaintiff's claims are subject to arbitration pursuant to the parties' Arbitration Agreement because they are disability discrimination claims brought under federal law. *See* Doc. 7 at 10 ("Arbitrable Claims include, but are not limited to . . . ***claims for retaliation or discrimination*** (including, but not limited to race, sex, sexual orientation (where applicable), religion, national origin, age, marital status, or disability) . . . and ***claims for violation of any federal, state, or other governmental law, statute***, regulation, or ordinance . . .") (emphasis added). Thus, Defendant's motion to dismiss Plaintiff's claims should be **GRANTED**.

### IV. CONCLUSION

Defendant's *Motion to Compel Arbitration and to Dismiss, or in the Alternative, to Stay the Proceedings*, Doc. 5, should be **GRANTED** to the extent set forth above, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on October 25, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).