IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLOTTE CARROLL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-1804-L** |
| | § | |
| **TMX FINANCE OF TEXAS,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Charlotte Carroll's Petition to Vacate Void Order Due to Fundamental Error and Abuse of Discretion ("Motion") (Doc. 63), filed March 14, 2025. The court treats the Motion as one filed pursuant to Federal Rule of Civil Procedure 60(b). For the reasons herein set forth, the court, after careful consideration of the parties' filings, **orders** the clerk of court to **reopen** this action, **denies** the Motion, and **dismisses with prejudice** the Motion.

**I.   Background**

Plaintiff Charlotte Carroll ("Plaintiff" or "Ms. Carroll") initially filed this action on July 5, 2019, in Dallas County Court No. 3 in which she asserted claims under the Americans with Disabilities Act of 1990 ("ADA") and the Civil Rights Act of 1991). Specifically, Ms. Carroll alleged that she was wrongly terminated based on her disability, and that Defendant rescinded and subsequently denied her a reasonable accommodation. Her claims under the ADA were for discrimination and retaliation. As both of these Acts are federal statutes, Defendant TMX Finance of Texas ("Defendant") properly removed the state action to federal court on July 29, 2019, because Ms. Carroll's claims were set forth in a civil action arising under the laws of the United States. *See* 28 U.S.C. §§ 1331, 1441(a).

Memorandum Opinion and Order – Page  1

After the case was removed to federal court, on August 5, 2019, Defendant filed a Motion to Compel Arbitration and to Dismiss, or in the Alternative, to Stay the Proceedings ("Motion to Dismiss/Stay") (Doc. 5). The following day the court referred the Motion to Dismiss/Stay to the Honorable Magistrate Judge Renée Harris Toliver for Findings and Recommendations for disposition (Doc. 8).

On October 25, 2019, Judge Toliver filed her Findings, Conclusions, and Recommendation ("Report") (Doc. 45). Judge Toliver found that a valid agreement to arbitrate existed between the parties, and the record supports this determination. Judge Toliver further concluded, despite Plaintiff's contention to the contrary, that Ms. Carroll did not "opt out" of the Arbitration Agreement, because Ms. Carroll offered no evidence to rebut or counter Defendant's evidence that she never submitted or filed an "Arbitration Opt Out Form" with Defendant's legal department. She asserts that she did, but she offers no documentation or record that she did. Defendant's documentation found no record of Ms. Carroll submitting a form to opt out of arbitration. Further, the Arbitration Agreement was signed digitally by Ms. Carroll on April 20, 2017. Doc. 7 at 17. As noted by Magistrate Judge Toliver, the Arbitration Agreement states, "The Parties mutually consent to the resolution by arbitration of all Arbitrable Claims." Doc. 45 at 7 (citing Doc. 7 at 10). The Magistrate Judge further found the claims asserted by Ms. Carroll were arbitrable. In other words, all claims set forth in Plaintiff's state court Petition were subject to arbitration. *Id.* The Magistrate Judge also warned the parties that specific written objections to her Report had to be filed within 14 days after being served a copy of the Report. Doc. 45 at 7. The Report further warned the parties that the "[f]ailure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted

or adopted by the district court, except upon grounds of plain error." *Id.* (citations omitted).  Ms. Carroll filed no objections to the Report.

On October 30, 2019, Ms. Carroll filed Plaintiff's Notice of Appeal (Doc. 46).  The "notice of appeal" stated that Plaintiff "appeals to the United State Court of Appeals for the Fifth Circuit from the Plaintiff's **ORDER OF DISMISSAL** entered in this action on **October 28, 2019**."  The court did not file or enter an order of dismissal on October 28, 2019.  What Ms. Carroll refers to as an order of dismissal is the Findings, Conclusions and Recommendation of the United States Magistrate Judge, which the court refers to as the Report.  Her confusion probably arises from a deputy clerk who entered the Report incorrectly stating that the undersigned ordered that the case should be dismissed with prejudice.  Once again, that language is what the magistrate judge recommended to the court.

On November 18, 2019, the court issued an Order (Doc. 47) accepting the magistrate judge's Report and dismissed with prejudice the action and stated that Plaintiff was required to "pursue her claims" in accordance with section [sic] the parties [sic] Arbitration Agreement."  The court readily acknowledges that the language should have read "in accordance with the parties' Arbitration Agreement."  Despite these grammatical errors, Plaintiff has acknowledged that the court required the parties to arbitrate the action.  The court also issued a Judgment (Doc. 48) on November 18, 2019, that stated "the claims asserted by Plaintiff against TMX Finance of Texas **shall be arbitrated** in accordance with the parties['] Arbitration Agreement. . . .  Moveover, both parties have acknowledged that the court ordered them to arbitrate pursuant to the relevant provisions of the Arbitration Agreement.  Further, as Ms. Carroll filed no objections to the Report, the court was not required to conduct a *de novo* review of the Report; however, it conducted such

**Memorandum Opinion and Order – Page 3**

a review. The court concluded that the magistrate judge's findings and conclusions were correct and accepted them as those of the court.

On November 26, 2019, the Fifth Circuit issued an Order (Doc. 50) that dismissed Ms. Carroll's Appeal (Doc. 46) for want of jurisdiction. Ms. Carroll then filed a new Notice of Appeal (Doc. 51) on December 5, 2019. The Fifth Circuit granted Ms. Carroll's motion to dismiss both appeals and initially dismissed them with prejudice, although the initial appeal (Doc. 49) was earlier dismissed for want of jurisdiction, which is usually done without prejudice. Upon Ms. Carroll's motion for reconsideration, the Fifth Circuit dismissed without prejudice (Doc. 60) the second appeal (Doc. 51) on October 8, 2020.

On August 6, 2024, Ms. Carroll filed Plaintiff's Correspondence and Request of the Court (Doc. 61). In this document, Ms. Carroll requested the court to enforce its Order directing the parties to arbitrate, alleged that Defendant refused to arbitrate, despite her efforts to get it to do so, and stated that she had exhausted all attempts to get Defendant to arbitrate. This document was filed almost five years after the court issued its Order and Judgment (Docs. 47 and 48) directing the parties to arbitrate. The court did not act on this correspondence because it was conclusory and extremely sparce on facts. Further, the case had been closed for almost five years, and the Fifth Circuit had dismissed Ms. Carroll's appeals. The court's position at that time was that Ms. Carroll was attempting to get a "second bite at the apple," and the record fully supported the court's position. In other words, the appeals had been dismissed, and there was no basis for the court to exercise its jurisdiction.

## II.      Discussion

### A.  Initial Failure to Comply with the Arbitration Agreement

Although, the record clearly establishes that Ms. Carroll agreed to arbitrate, somewhere along the line, she changed her position and vociferously argued that she did not agree to arbitrate. Now, she asserts that she is willing to arbitrate. The inconsistency in her respective positions is what makes the issues that the court has to resolve so tortuous.

Ms. Carroll misapprehends the relevant sequence of events. As the court previously determined, the parties were required to arbitrate in accordance with provisions of their Arbitration Agreement. The Arbitration Agreement explicitly provides as follows:

> <u>Time Limits for Commencing Arbitration and Required Notice of All Arbitrable Claims</u>
>
> The Parties agree that, prior to any arbitration, the aggrieved Party must give written notice of a request for arbitration ("Notice") to the other Party no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the Arbitrable Claim(s) asserted. If there is a conflict between applicable statutes of limitation, then the longest applicable limitations period controls. The Parties understand that, although the statutes of limitation will apply, the aggrieved Party is encouraged to give Notice as soon as possible after the event(s) giving rise to the Arbitrable Claim.
>
> The Notice shall identify and describe the nature of all Arbitrable Claims asserted, the facts upon which such Arbitrable Claims are based, and the relief or remedy sought. The Notice shall be sent to the other Party by certified or registered mail, return receipt requested. Employee must send the Notice to the Legal department at 15 Bull St., Suite 200, Savannah, GA, 31401, or the then-current corporate office address. Employee will be sent the Notice at the last address recorded in his/her personnel file.

Arbitration Agreement, Doc. 7 at 11-12. To this date, there is nothing in the record to show that Ms. Carroll has complied with this section of the Arbitration Agreement. By not complying initially, she cannot now fulfill these requirements. In other words, the requirements are prerequisites to proceeding with arbitration. The only reasonable inference the court can make

regarding Ms. Carroll's change of heart to arbitrate now is that the initial route she took was unsuccessful and she is hoping for an opportunity to "right the ship"; however, such ship has long sailed and is no longer taking passengers. In other words, somewhere along the line, Ms. Carroll realized that arbitration was probably a lost opportunity, and there is no way for her to fulfill the mandatory requirements of this part of the Arbitration Agreement. As Ms. Carroll was terminated or discharged by Defendant about 22 days after she was hired, she was the "aggrieved Party," and the burden was on her to comply with this section of the Arbitration Agreement. Defendant was not required to meet these requirements. Arbitration could not occur until Ms. Carroll complied with the requirements in the quoted section. Ms. Carroll has produced no evidence that she complied with such section of the Arbitration Agreement prior to filing suit on July 5, 2019, which was more than two years after she was no longer employed by Defendant. All the discussion and e-mails about attempting to arbitrate after Ms. Carroll filed her lawsuit are of no moment because as the "aggrieved Party", she was supposed to perform those functions before arbitration could take place. Even if the court considers the e-mails and other matters mentioned by Ms. Carroll, the inquiries she may have made are general and are inadequate to satisfy the previously quoted paragraphs of the Arbitration Agreement. The language in these two paragraphs requires the "aggrieved Party" to act, not merely inquire or state that she was now ready to arbitrate. Ms. Carroll's position is an obvious attempt to shift the burden to Defendant, and this attempt is not well taken by the court.

B. **Time Barred Grounds for Relief from Final Judgment**

Federal Rules of Civil Procedure 60(b), (c), and (d) address the parameters for relieving a party from a final judgment, order, or proceeding as set for below:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion.
>     (1) *Timing*. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding;
>     (2) *Effect on Finality*. The motion does not affect the judgment's finality or suspend its operation.
>
> (d) Other Powers to Grant Relief. This rule does not limit a court's power to:
>     (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>     (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action, or
>     (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(b), (c), & (d).

To the extent that Ms. Carroll relies on (b)(1), (2), or (3), such grounds are barred as a matter of law if any motion on these bases is filed more than one year after the entry of judgment.

Fed. R. Civ. P. 60(c)(1). The court entered its judgment on November 18, 2019, and Plaintiff filed her Motion on March 14, 2025 (Doc. 60), which is more than five years after the entry of judgment.

### C.  No Void Judgment and Motion Not Filed in a Timely Manner

Ms. Carroll contends that this court's Judgment is void. She makes this argument because of the Supreme Court's decision in *Smith v. Spizzirri*, 144 S. Ct. 1173 (2024). The court in ordering the parties to arbitrate relied on *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). The Court in *Spizzirri*, because of a split among the circuits, finally decided to end the split. *Id.* at 1176 n.1. In ending the split, the Court abrogated *Dean Witter Reynolds*, and this case is no longer the law of the Fifth Circuit. The Court held "[w]hen a district court finds that a lawsuit invokes an arbitral dispute, and a party requests a stay pending arbitration, § 3 of the [Federal Arbitration Act] FAA compels the court to stay the proceeding." *Id.* at 1178. For this reason, Ms. Carroll contends that this court's Judgment is void, and that she is entitled to relief from the Judgment. The court disagrees.

Rule 60(b)(4) provides for relief from a final judgment when the judgment is void. "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citations omitted). "60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. "A legal error, standing alone, does not render a judgment void." *Sec. & Exch. Comm'n v. Novinger*, 40 F.4th 297, 302 (5th Cir. 2022) (citing *Espinosa*, 559 U.S. at 270).

In its Judgment, the court relied on Fifth Circuit precedent that was binding at the time. That precedent was not abrogated until over five years later. The court's use of that precedent did

not result in a jurisdictional error or a violation of due process that deprived a party of notice or the opportunity to be heard. Accordingly, the court's Judgment is not void.

Moreover, Ms. Carroll failed to file a motion relying on (b)(4), (5), or (6), within a reasonable time. As previously stated, Ms. Carroll filed her Motion more than five years after the entry of judgment. She offers no reason or explanation that five years is a reasonable time to file a motion on these bases. This alone is a sufficient basis to deny her Motion on this ground.

### D.      Waiver of Right to Arbitrate

A party has waived his or her right to arbitrate when that party has "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right." *Garcia v. Fuentes Rest. Mgmt. Servs. Inc.*, 141 F.4th 671, 676 (5th Cir. 2025) (quoting *Morgan v. Sundance*, 596 U.S. 411, 419). There is no longer a requirement of prejudice to the other party in light of the Supreme Court's holding in *Morgan*. *See Morgan*, 596 U.S. at 417-19 (nullifying the Eighth Circuit's prejudice requirement for waivers of the right to arbitrate); *see also Garcia*, 141 F.4th at 676 (eliminating the Fifth Circuit's prejudice requirement in light of the holding in *Morgan*). Substantial invocation of the judicial process is one way to demonstrate that a party has waived his or her right to arbitrate, as "substantial invocation of the judicial process is an intentional abandonment of a known right." *Garcia*, 141 F.4th at 676. A party invokes the judicial process when he or she "at the very least, engage[s] in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Forby v. One Techs., L.P.*, 909 F.3d 780, 784 (5th Cir. 2018) (quoting *In Re Mirant*, 613 F.3d 584, 589 (5th Cir. 2010)) (citation omitted); *see also Garcia*, 141 F.4th at 682 n. 4. "A party waives arbitration by seeking a decision on the merits before attempting to arbitrate." *Forby*, 909 F.3d at 784 (quoting *In Re Mirant*, 613 F.3d at 589) (citation omitted).

**Memorandum Opinion and Order – Page  9**

Ms. Carroll substantially invoked the judicial process when she—knowing that she was required to arbitrate pursuant to the Arbitration Agreement—filed a lawsuit in Dallas County Court No. 3 to litigate her grievances rather than arbitrate them. She vigorously pursued her lawsuit when it was removed to federal court and even filed an appeal that she later moved to withdraw, which was granted by the Fifth Circuit. According to Ms. Carroll, she is now willing to arbitrate the action after substantially invoking the judicial process. She could have easily arbitrated her claims had she stayed true to the terms of the Arbitration Agreement. Now that she has substantially invoked the judicial process, she wants an opportunity to arbitrate something she easily could have done before she invoked the judicial process. Furthermore, Ms. Carroll had the opportunity to arbitrate, in accordance with the Arbitration Agreement, upon the entry of this court's judgment filed on November 18, 2019; however, she failed to meet the terms of the Arbitration Agreement. For all of these reasons, the court has no pause in concluding that Ms. Carroll clearly waived her right to arbitrate her claims.

### E.     Fraud on the Court

Ms. Carroll alleges that Defendant committed a fraud on the court. The court disagrees because she has not set forth sufficient facts to support her contention.

Federal Rule of Civil Procedure 60 does not limit a court's power to set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(d). "To establish fraud on the court, 'it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 219 (5th Cir. 2023) (quoting *First Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996)). "'[O]nly the most egregious misconduct' qualifies as fraud on the court." *Id.* (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). Such egregious misconduct includes "bribery of a judge or

members of a jury, or the fabrication of evidence by a party in which an attorney is implicated"; however, "[l]ess egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Id.* (*quoting Rozier*, 573 F.2d at 1338). None of these occurred.

Ms. Carroll has not convinced the court that Defendant or its attorneys acted egregiously in this case. She was aware of what her obligations were with respect to arbitration. She did not adhere to or follow those obligations, and, because of this failure, she was outlawyered. Neither Defendant nor its attorneys used any gamesmanship or legal legerdemain in this action. Lawyers are to vigorously and zealously represent their clients. The attorneys used the applicable law as it existed and obtained a victory for their client, and there is no legal or factual basis to support a finding of fraud on the court.

### III.  Miscellany

Both parties have raised other arguments, but the court finds it unnecessary to address them. This is so because the issues that the court considered are ample grounds to deny Ms. Carroll's Motion. Of course, the approach taken by the court does not prevent such arguments from being raised on appeal if the court did not consider them.

### IV.  Conclusion

For the reasons herein explained, the court **denies** the Motion and all relief requested by Ms. Carroll; **dismisses with prejudice** the Motion, and **directs** the clerk to **close** this action. Further, the court **orders** that all allowable and reasonable costs of court are taxed against Ms. Carroll. As this is an order pertaining to a Rule 60 Motion, Federal Rule of Civil Procedure 58(a)(5) does not require the court to issue a judgment by a separate document. This order is a final order by the court and serves the same purpose as a final judgment for appellate purposes.

**It is so ordered** this 31st day of December, 2025.

Sam A. Lindsay
United States District Judge